UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EARL HENSLEY on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CYGNUS HOME SERVICE, LLC, <br><br> Defendant. | Case No. 25 CV 9462 |

# COMPLAINT

Plaintiff, EARL HENSLEY, by his undersigned attorneys, for his Complaint against the Defendant CYGNUS HOME SERVICE LLC d/b/a YELLOH HOME DELIVERY SERVICE, alleges as follows:

## NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual Plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b), alleging violations of the Fair Labor Standards Act. It is also brought as a state-wide Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq.

2. Plaintiff Earl Hensley was employed by Defendant as a driver and delivery person in Defendant's Pekin, Illinois Delivery Center. Defendant had several offices in the State of Illinois, including Effingham, West Frank, Macomb, Mendota, Machesney Park, Shorewood, Springfield and Stranton. Defendant also had delivery offices in many states around the country, including Florida, California and Texas.

3. Defendant implemented a common scheme whereby Plaintiff and all other driver delivery persons were not paid overtime when they worked more than forty hours in a given work week, in violation of the Fair Labor Standards Act ("FLSA"), and the Illinois Minimum Wage Act ("IMWA"). Hensley was paid $700 in salary plus commission.

4. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of all driver delivery persons employed by Defendant Cygnus d/b/a as Yelloh ("Yelloh") who drove delivery trucks intrastate. Although the trucks weighed more than 10,000 pounds, the drivers did not drive in interstate commerce as they delivered frozen food to customers that was taken directly out of the warehouses. Yelloh knowingly and willfully failed to pay them wages in accordance with applicable state and federal law, including but not limited to overtime wages that were improperly underpaid due to Defendant's common compensation policy.

5. Even though Yelloh treated Plaintiff and the other delivery drivers as exempt salaried employees and did not pay them overtime, they were not exempt as they do not satisfy the criteria for job responsibilities. That is, they were not executives, administrators, or professionals as those terms have been determined by the courts.

6. Plaintiff seeks redress on behalf of himself and all others similarly situated. Plaintiff brings this action as a nationwide collective action pursuant to 29 U.S.C. §216(b), for violations of the FLSA and as a statewide class action under Illinois law pursuant to Rule 23, F.R.C.P.

7. Upon information and belief, at all times hereinafter mentioned, Defendant Yelloh was a private foreign corporation with its headquarters in Marshall Minnesota. Yelloh voluntarily went out of business on November 8, 2024.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

10. This lawsuit arises out of Defendant's practice of knowingly and willfully failing to pay overtime for those weeks when the drivers worked more than 40 hours in a particular week.

11. At all times relevant, Plaintiff and all other drivers were salaried employees of Defendant as defined by the FLSA. Plaintiff was employed by the Defendant from January 5, 2021 until on or about November 8, 2024 at which time the company shut down and Plaintiff and all other drivers lost their jobs.

12. At all times relevant, Yelloh was an employer, as defined by the FLSA and Illinois state law.

13. Defendant Yelloh was engaged in intrastate commerce as that term is used in the FLSA.

14. At all times relevant, Plaintiff and all other drivers had intrastate delivery routes and delivered frozen foods to their route customers and were not therefore engaged in interstate commerce.

15. During the course of employment with Defendant Yelloh, drivers such as Mr. Hensley were not exempt from overtime wages because, even though they were salaried, their job duties did not meet the salaried exemption criteria because they were not executives, administrators or

professionals. The drivers' salaries were therefore irrelevant to their right to overtime. In a given week they typically worked at least 50 hours and frequently more and did not receive overtime compensation as required by the FLSA and the IMWA.

16. During the course of all the drivers' employment with Yelloh, the drivers routinely worked in excess of 40 hours per week and typically worked as much as 50 hours a week and more. For example, Plaintiff Hensley routinely worked more than 50 hours a week.

17. Despite the fact that the drivers were not exempt, Defendant Yelloh did not pay them the proper wages they were owed, including payment of all overtime wages for work after 40 hours a week.

18. Plaintiff and the Class are entitled to actual and liquidated damages for Defendant's actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

19. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

20. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b), on behalf of himself and the following class of persons: All drivers who worked for Defendant Yelloh who delivered food intrastate during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

21. All putative members of the class are similarly situated because, inter alia, they all had similar duties; performed similar tasks; were entitled under the FLSA to be paid for all time worked and to be paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendant's unlawful practices and policies.

22. Defendant has encouraged, permitted, and required the drivers to work without overtime compensation.

23. Defendant has known that Plaintiff and other members of the FLSA Class have been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiffs and the Class all overtime compensation for work in excess of 40 hours.

24. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

25. Plaintiff re-alleges and incorporates by reference all the above allegations.

26. Under the FLSA, the drivers (hereinafter referred to as "The FLSA Class") were entitled to be paid overtime for all hours worked over 40 in a given work week.

27. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

28. Defendant failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

29. Defendant's violation of the FLSA for failure to pay the drivers overtime wages was willful and deliberate.

30. Upon information and belief, Defendant's practices as described above were not approved in writing by the United States Department of Labor.

31. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

32. Due to Defendant's violation of the FLSA, The FLSA Class is entitled to recover from

Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

33. Plaintiff also brings this action as a class action on behalf of himself and all other persons similarly situated in Illinois, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23, F.R.C.P.

### Class Action Law

34. Rule 23 provides that a cause of action may be maintained as a Class Action if:

   a. The Class is so numerous that the joinder of all members is impracticable;

   b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members;

   c. The representative parties will fairly and adequately protect the interest of the Class; and,

   d. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

### Proposed Class

35. Plaintiff seeks certification of the following classes:

"All individuals who were employed by Defendant, its subsidiaries or affiliated companies, as drivers in the state of Illinois who delivered frozen food along a route and who were not paid overtime for hours worked over 40 in any given work week."

### The Employee Class Meets the Requirements for Class Certification Numerosity

36. The Class satisfies the numerosity standards. On information and belief, at the time this Complaint was filed, Yelloh had more than 100 drivers operating out of its various Illinois distribution centers. There is no question therefore that this lawsuit encompasses more than 100

potential claimants. The proposed Class can be identified and located using Defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable and the Class can be ascertained through objective criteria. Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

### Common Questions of Fact or Law

37. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether Defendant failed to pay Plaintiff and Class members all compensation due them;

    b. Whether Plaintiff and the Class are nonexempt;

    c. Whether Defendant failed to pay Plaintiff and Class members all overtime compensation due to them;

    d. Whether Plaintiff and the Class were expected to work in excess of 40 hours per week;

    e. Whether Plaintiff and the Class worked in excess of 40 hours per week;

    f. Whether Defendant's practices violate provisions of the Illinois Minimum Wage Law;

    g. Whether the Defendant's failure to pay overtime was willful; and

    h. Whether Plaintiff and the Class have suffered damages and the proper measure of those damages.

38. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of

the controversy. Moreover, the resolution of these common issues will control the outcome of the litigation.

### Typicality

39. Plaintiff's claims are typical of the claims of the Class members. The named Plaintiff suffered similar injuries as those suffered by other Class members as a result of Defendant's failure to pay wages, including overtime compensation, for all hours actually worked.

### Adequacy

40. The named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the Class will be fairly and adequately protected by the named Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

41. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant or substantially impair or impede the ability of class members to protect their interests.

## COUNT II

### FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

42. Plaintiff repeats and re-alleges the above paragraphs.

43. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

44. Defendant failed to pay Plaintiff for overtime on hours worked over 40 in a given work week. Upon information and belief, Defendant also failed to pay other members of the Plaintiff class for overtime hours worked.

45. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

46. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

47. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and the driver Class;

2. Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

3. Award Plaintiff and the Class damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied them by Defendant's actions;

4. Award Plaintiff and the Class liquidated damages equal to their unpaid overtime compensation under the FLSA;

5. Award Plaintiff and the Class punitive damages;

6. Award Plaintiff and the Class prejudgment interest pursuant to the IMWA;

7. Award Plaintiff and the Class post-judgment interest;

8. Award Plaintiff and the Class reasonable attorneys' fees as well as the costs of this action; and

9. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

                                                Respectfully submitted,


                                                EARL HENSLEY


                                      By:    /s/ Jeffrey J. Levine
                                                  JEFFREY J. LEVINE,
                                                  One of his Attorneys

JEFFREY J. LEVINE
Law Office of Jeffrey J. Levine
100 North La Salle Street, Suite 1410
Chicago, Illinois 60602
(312) 372-4600
jeffjlev@yahoo.com

JAMES A. HASIER
Law Office of James A. Hasier
Attorney for Defendant
18400 Maple Creek Drive, Suite 500
Tinley Park Illinois 60477
312-401-1387
jhasier@jhasierlaw.net

TERRENCE BUEHLER
The Law Office of Terrence Buehler
417 North Marion Street
Oak Park, Illinois 60302
(312) 371-4385
tbuehler@tbuehlerlaw.com

Dated: August 9, 2025